UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NICHOLAS RITZ, on behalf of himself and all others
similarly situated,

                      Plaintiff,                    MEMORANDUM
                                                                   AND ORDER
   -against-
                                                                   12 CV 367 (JBW)(RML)
MIKE RORY CORP. d/b/a ASTORIA BREWHOUSE,
SEAN STRAW, and BRENDAN STRAW,

                      Defendants.
-------------------------------------------------------------------X

LEVY, United States Magistrate Judge:

       Before the court is the parties' dispute concerning the contents of the notice of pendency to be sent to putative members of this collective action brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219. For the reasons stated below, the court hereby approves plaintiff's proposed notice and consent form, subject to the modifications discussed below.

## BACKGROUND AND FACTS

       Plaintiff Nicholas Ritz ("plaintiff"), on behalf of himself and all others similarly situated, moved to conditionally certify a collective action under the FLSA and sought an order authorizing plaintiff to distribute his proposed notice of lawsuit. By order dated January 24, 2013, the Honorable Jack B. Weinstein, Senior United States District Judge, referred plaintiff's motion to me.[1] (Order, dated Jan. 24, 2013.) Following plaintiff's submission of a supplemental declaration in support of his motion, defendants withdrew their opposition to plaintiff's motion for collective action but maintained their objections to plaintiff's proposed notice. (Defs.' Letter Regarding Motion for Collective Action, dated Apr. 17, 2013.) I granted plaintiff's motion for

---

[1] A magistrate judge may decide a motion for conditional certification and class notice under the FLSA. See Gortat v. Capala Bros., Inc., No. 07 CV 3629, 2010 WL 1423018, at *1 n.2 (E.D.N.Y. Apr. 9, 2010).

conditional certification on April 17, 2013, and reserved the ruling on the proposed notice form. (Order, dated Apr. 17, 2013.)

Plaintiff filed his complaint on January 26, 2012, alleging that defendants Mike Rory Corporation, Sean Straw, and Brendan Straw ("defendants") engaged in various unlawful employment practices involving employees of Astoria Brewhouse, a restaurant located in Astoria, New York. (See Complaint, dated Jan. 26, 2012 ("Compl.").) Plaintiff's first and second claims assert causes of action for unpaid wages and overtime under the FLSA. (Id. ¶¶ 48-56.) He sought leave to authorize the issuance of a notice to all current and former tipped, hourly food service workers who have worked for defendants since January 26, 2009. (See Pl.'s Memorandum of Law in Support of Motion to Conditionally Certify a FLSA Collective Action, dated Sept. 24, 2012 ("Pl.'s Mem."), at 9, 12-13.)

Plaintiff states that he was employed by defendants as a bartender from approximately March 2011 to November 2011, and claims that he is owed unpaid minimum wages and overtime for that period. (Declaration of Nicholas Ritz, sworn to July 20, 2012 ("Ritz Decl."), ¶¶ 1-8, annexed as Ex. D to Declaration of Brian Schaffer, Esq., sworn to Sept. 24, 2012 ("Schaffer Decl.").) He claims that he consistently worked five or six days per week, in approximately ten to eleven-hour shifts. (Id. ¶ 3.) He states that he was required to punch out and work "off the clock" when performing non-tipped work, such as cleaning or restocking the bar, and that he never received overtime compensation despite regularly working more than forty hours per week. (Id. ¶¶ 6-8.) Plaintiff contends that the hours recorded on his "punch in/punch out" records did not match the hours printed on his paychecks, and that those time records and payroll records establish that defendants did not properly compensate him for the hours he worked. (Pl.'s Mem. at 3; Schaffer Decl., Exs. F, G.)

Plaintiff submitted two declarations in support of his motion for preliminary certification. (See Ritz Decl.; Supplemental Declaration of Nicholas Ritz, sworn to Apr. 1, 2013 ("Supp. Ritz Decl.").) In his initial declaration, plaintiff stated that other tipped service workers were subject to the same or similar compensation policies, and that defendants required such employees to work more than forty hours each week without paying them overtime and to punch out before performing non-tipped work. (Ritz Decl. ¶¶ 6-7.) In his supplemental declaration, plaintiff provided the first names of six other bartenders and servers employed by defendants who regularly worked similar hours to plaintiff, and identified two other employees who complained to plaintiff that they were not being paid for all the hours they worked. (Ritz Supp. Decl. ¶¶ 3-5.) He also alleged that tipped service workers were required to sign a document identifying the number of hours for which they were paid before receiving their paychecks, even though the number listed did not reflect all the hours they worked, and that employees "signed the sheet so we could get paid and keep our jobs." (Id. ¶ 6.)

## DISCUSSION

### I. Notice of Lawsuit

Courts have "broad discretion to craft appropriate notices" in order to provide employees with "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (internal citation and quotation marks omitted). Plaintiff has submitted a proposed notice of lawsuit and a proposed "opt-in" form. (Schaffer Decl., Ex. H.) Defendants have raised objections to specific portions of plaintiff's

notice. The court hereby adopts plaintiff's proposed notice and consent form, subject to the modifications described below.[2]

   A. Scope of the Class

Plaintiff proposes to provide notice of this lawsuit to all bartenders, servers, bussers, and other tipped service workers employed by defendants. (Reply Memorandum of Law in Support of Pl.'s Motion for Preliminary Certification, dated Oct. 12, 2012 ("Pl.'s Reply Mem."), at 3.) Plaintiff asserts that, based on his observations and conversations, he believes defendants' practices to be widespread as to other tipped service workers with similar working hours and compensation structures, including servers, bussers, barbacks, and bartenders. (Supp. Ritz Decl. ¶¶ 2-6.) Defendants argue that recipients of the notice should be limited to bartenders. (Defs.' Memorandum of Law in Opposition to Pl.'s Motion to Proceed as a Collective Action Under the FLSA, dated Oct. 9, 2012 ("Defs.' Opp."), at 6-7.) Plaintiff's sworn statements are sufficient to make the modest showing required for conditional certification of a class consisting of tipped service workers at Astoria Brewhouse. See, e.g., Hernandez v. Immortal Rise, Inc., No. 11 CV 4360, 2012 WL 4369746, at *5-6 (E.D.N.Y. Sept. 24, 2012); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007). Defendants will have another opportunity to contest class certification after discovery.

   B. Notice Period

Defendants argue that the appropriate length of the notice period is two years because there is no indication that their actions were willful. (Defs.' Opp. at 8.) The FLSA imposes a

---

[2] Plaintiff's counsel is directed to add page numbers to the proposed notice form. In addition, the term "Collective" appears twice in the notice without explanation, apparently in reference to potential opt-in plaintiffs. (Schaffer Decl., Ex. H, at 4 and 5.) This language may confuse potential class members, and should be clarified or modified accordingly. See Bifulco v. Mortg. Zone, Inc., 262 F.R.D. 209, 216 (E.D.N.Y. 2009).

4

three-year statute of limitations on willful violations, and two years for non-willful violations. 29 U.S.C. § 255(a). Plaintiff has alleged willfulness in his complaint (Compl. ¶ 51), and defendants deny these allegations. "Courts in this circuit have generally held that where willfulness is in dispute, a three year statute of limitations applies at the conditional certification stage." Guzelgurgenli v. Prime Time Specials Inc., 883 F. Supp. 2d 340, 356 (E.D.N.Y. 2012) (citing McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp. 2d 396, 399 (E.D.N.Y. 2011)). Thus, I agree with plaintiff that the proper notice period is three years.

Plaintiff proposes sending the notice to employees that worked for defendants within the three years preceding the commencement of this action. (Schaffer Decl., Ex. H at 1.) However, under the FLSA, the notice period generally should be measured from the date of the court's order granting the motion for conditional certification, not from the date that the complaint was filed. See Hernandez, 2012 WL 4369746, at *6-7. The notice shall be directed to potential opt-in plaintiffs who worked for defendants during the three years preceding the issuance of my order on April 17, 2013, and the dates on the notice shall be modified accordingly.

    C.  Opt-in Period

Plaintiff requests that the court set a ninety-day notice period during which potential class members may opt in, while defendants request a forty-five day opt-in period. (Pl.'s Reply Mem. at 6; Defs.' Opp. at 9.) Generally, "courts have held that a sixty (60)-day period is sufficient for the return of Consent Forms, particularly where, as here, the proposed class is relatively localized and not extremely large." Guzelgurgenli, 883 F. Supp. 2d at 357 (quoting Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 85 (E.D.N.Y. 2008)) (internal quotation marks omitted). See also Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 452-53

(S.D.N.Y. 2011). Plaintiff does not provide any reason why sixty days would be insufficient, and the court is aware of none. Thus, the notice shall be amended to set a sixty (60) day notice period for the return of the consent forms.

### D. Defendants' Proposed Additions

Defendants request the inclusion of language detailing the potential consequences of joining the action, including discovery obligations and costs. (Defs.' Opp. at 10.) "Courts in this Circuit have generally disapproved of including language indicating burdensome discovery and the possible cost of litigation . . . ." Schwerdtfeger v. Demarchelier Mgmt., Inc., No. 10 CV 7557, 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011) (citing Lujan v. Cabana Mgmt., Inc., No. 10 CV 755, 2011 WL 317984, at *11 (E.D.N.Y. Feb. 1, 2011)). However, I find it appropriate to include a "neutral and non-technical reference to discovery obligations." Lujan, 2011 WL 317984, at *11. Accordingly, the notice shall be modified to include the following: "If you join this lawsuit, you may be asked to testify and provide information about the work you performed for defendants in order to help the court decide whether you are owed any money." See Hernandez, 2012 WL 4369746, at *7.

Defendants also request the inclusion of language stating that defendants do not believe a collective action is warranted and anticipate moving to decertify the collective action at the close of discovery. (Defs.' Opp. at 10-11.) Since plaintiff's proposed notice already includes a statement that defendants believe that all tipped service workers "were paid properly, according to the law," (Schaffer Decl., Ex. H), such an addition is unnecessary; the language in the notice "adequately puts potential opt-in plaintiffs on notice of, and equitably represents, the defendants' position." Schwerdtfeger, 2011 WL 2207517, at *6. See also Whitehorn, 767 F. Supp. 2d at 451.

Defendants further request that their counsel's name, address, and telephone number be included on the notice. (Defs.' Opp. at 10.) I find this request reasonable, as "such information is routinely included in notices of pendency." Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 61 (E.D.N.Y. 2011) (citations omitted). Plaintiff's counsel is directed to modify the notice accordingly.

    E.   Reference to State Law Claims and FLSA Anti-Retaliation Provision

Defendants ask that references to state-law claims be stricken from the notice. (Defs.' Opp. at 11.) However, the notice accurately informs potential plaintiffs that although such claims are part of the lawsuit, this particular notice relates only to claims that defendants violated federal law. (See Schaffer Decl., Ex. H, at 2.) I therefore find the reference to state law claims appropriate. See Enriquez v. Cherry Hill Mkt. Corp., No. 10 CV 5616, 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012).

Defendants also assert that the anti-retaliation language in the notice is inappropriate because there is no evidence of retaliation in the present case. (Defs.' Opp. at 12.) This argument is without merit; courts routinely include anti-retaliation provisions in FLSA notice forms. See Hernandez, 2012 WL 4369746, at *9.

    F.   Return of the Opt-In Forms

Defendants argue that the opt-in forms should be returned to the court, while plaintiff asks that they be returned to plaintiff's counsel's office. (Defs.' Opp. at 12; Pl.'s Reply Mem. at 8.) Courts have split on this issue. See Diaz v. S & H Bondi's Dep't Store, No. 10 CV 7676, 2012 WL 137460, at *8 (S.D.N.Y. Jan. 18, 2012); Delaney v. Geisha NYC, L.L.C., 261 F.R.D. 55, 59-60 (S.D.N.Y. 2009). In order to minimize the burden on opt-in plaintiffs who choose representation by plaintiff's counsel, and to reduce the administrative burden on the court, I am

directing that the opt-in forms be returnable to plaintiff's counsel.  However, the language of the proposed consent form should be amended to prominently advise the potential plaintiffs that they have the option to retain plaintiff's counsel, but can select any counsel of their choosing.[3]  See Delaney, 261 F.R.D. at 60 ("Because the notice states that opt-in plaintiffs can select their own counsel, there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel.").  See also Siewmungal v. Nelson Mgmt. Grp. Ltd., No. 11 CV 5018, 2012 WL 715973, at *4-5 (E.D.N.Y. Mar. 3, 2012); Searson v. Concord Mortg. Corp., No. 07 CV 3909, 2009 WL 3063316, at *7 (E.D.N.Y. Sept. 24, 2009).

Having reviewed defendants' remaining objections (see Defs.' Opp. at 11-13), I find that these concerns pertain only to minor details of the structure and phrasing of the language in the notice, and are substantively without merit.

### G.  Production of Class Member Information

Plaintiff requests the names, telephone numbers, email addresses, work locations, dates of employment, social security numbers, and last known addresses of all prospective class members.  (Pl.'s Reply Mem. at 8.)  Courts routinely order discovery of names, addresses, email addresses, and telephone numbers in FLSA actions.  See Hernandez, 2012 WL 4369746, at *9; Ack v. Manhattan Beer Distribs., Inc., No. 11 CV 5582, 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012) (collecting cases).

With regard to plaintiff's request for social security numbers, "[w]hile courts often decline to allow discovery of social security numbers due to privacy concerns, it is generally accepted that such discovery is permitted where [p]laintiff can demonstrate that names and contact information are insufficient to effectuate notice."  Whitehorn, 767 F. Supp. 2d at 448.

---

[3] The title of the consent form shall be changed to "Consent to Join Lawsuit."

Here, plaintiff's counsel has asserted that, based on his experience, "a large percentage of consent forms are typically returned as undeliverable, and the best way to locate these employees is to perform a search by Social Security number." (Pl.'s Mem. at 14 n.3.) If that proves to be the case, plaintiff's counsel shall provide defendants' counsel with a copy of the notice of undeliverability and defendants' counsel shall provide forthwith the social security numbers of each individual who could not be located. If necessary, plaintiff's counsel may request that the opt-in period for such individuals be extended forty-five (45) days from the date of receipt of the individual's social security number.

In light of the privacy concerns at issue, plaintiff shall file a fully executed confidentiality agreement regarding the use of social security numbers within seven (7) days of the date of this order. See Shajan v. Barolo, Ltd., No. 10 CV 1385, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010). The agreement shall state that the numbers will be maintained by counsel alone and used solely to perform public records searches to locate and provide notice to prospective members; that all copies of the numbers, including any program or other document created using the numbers, will be destroyed once the searches are complete; and that counsel will certify, in writing, that the terms of this order have been adhered to once the destruction of this data is complete. See Whitehorn, 767 F. Supp. 2d at 448-49 (citing Shajan, 2010 WL 2218095, at *1).

Accordingly, defendants are hereby directed to produce the names, telephone numbers, email addresses, work locations, dates of employment, last known addresses, and, where applicable, social security numbers for all prospective class members within the definition of the FLSA collective action. Plaintiff's counsel is authorized to send the revised notice and opt-in form to all class members by first class mail and email. Defendants shall post copies of

the revised notice and opt-in form at Astoria Brewhouse in a location conspicuous to all employees.

## CONCLUSION

For the reasons set forth above, plaintiff's counsel shall electronically file a fully executed confidentiality agreement regarding the use of social security numbers within seven (7) days of the date of this order. Plaintiff's counsel shall modify the notice and consent form in accordance with this order and shall electronically file the revised forms within fourteen (14) days. Defendants shall produce a list of the names, telephone numbers, email addresses, work locations, dates of employment, last known addresses, and, where applicable, social security numbers of potential class members to plaintiff's counsel by the same date. Plaintiff's counsel shall mail the revised notice to all potential plaintiffs no later than ten (10) days following defendants' disclosure of the contact information.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated:  Brooklyn, New York
        April 29, 2013