UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NICHOLAS RITZ, on behalf of himself and all others
similarly situated,

                               Plaintiff,                          MEMORANDUM
                                                                AND ORDER

     -against-
                                                          12 CV 367 (JBW)(RML)

MIKE RORY CORP. d/b/a ASTORIA BREWHOUSE,
SEAN STRAW, and BRENDAN STRAW,

                              Defendants.
-------------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff Nicholas Ritz ("plaintiff") moves pursuant to Local Civil Rule 6.3 for

reconsideration of this court's April 29, 2013 order regarding the contents of the notice of

pendency to be sent to putative members of a collective action brought pursuant to the Fair

Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219.  (See Memorandum and Order, dated

Apr. 29, 2013 ("the Order").)  For the reasons provided below, plaintiff's motion for

reconsideration is denied.

## BACKGROUND AND FACTS

        Plaintiff alleges that defendants Mike Rory Corporation, Sean Straw, and Brendan

Straw ("defendants") engaged in various unlawful employment practices involving employees of

Astoria Brewhouse, a restaurant located in Astoria, New York.  (See Complaint, dated Jan. 26,

2012 ("Compl.").)  He sought leave to authorize the issuance of an FLSA collective action notice

to all current and former tipped, hourly food service workers who have worked for defendants

since January 26, 2009.  (See Pl.'s Memorandum of Law in Support of Motion to Conditionally

Certify a FLSA Collective Action, dated Sept. 24, 2012 ("Pl.'s Mem."), at 9, 12-13.)  By order

dated January 24, 2013, the Honorable Jack B. Weinstein, Senior United States District Judge,

referred plaintiff's motion to me.  (Order, dated Jan. 24, 2013.)

After a review of the materials plaintiff submitted in support of his motion, I determined that plaintiff's affidavit was inadequate to support conditional class certification under the FLSA. (See Declaration of Nicholas Ritz, sworn to July 20, 2012, annexed as Ex. D to Declaration of Brian Schaffer, Esq., sworn to Sept. 24, 2012.) The declaration was brief and conclusory; it did not specifically identify any other similarly situated employee of defendants who had allegedly been subjected to the same unlawful employment practices as plaintiff; and it failed to describe the basis for plaintiff's knowledge that other employees had not been properly compensated. On March 25, 2013, in a recorded telephone conference with counsel for both parties, I informed plaintiff's counsel that the conclusory allegations contained in plaintiff's affidavit were inadequate to make the modest showing required for conditional certification of a class consisting of tipped service workers at Astoria Brewhouse. (Minute Entry, dated Mar. 25, 2013.) I then gave plaintiff the opportunity to submit a supplemental declaration in support of his motion by April 8, 2013, and directed defendants' counsel to respond by April 17, 2013. (Id.)

Following plaintiff's submission of a supplemental declaration, which contained substantially more detailed and concrete allegations concerning plaintiff's knowledge of similarly situated coworkers (Supplemental Declaration of Nicholas Ritz, sworn to Apr. 1, 2013), defendants promptly withdrew their opposition to plaintiff's motion for certification of a collective action, although they maintained their objections to plaintiff's proposed notice form. (Defs.' Letter Regarding Motion for Collective Action, dated Apr. 17, 2013.) I granted plaintiff's motion for conditional certification the same day (Order, dated Apr. 17, 2013) and ruled on the proposed notice form on April 29, 2013. (Memorandum and Order, dated Apr. 29, 2013.)

Plaintiff now moves for reconsideration of the Order with regard to the length of

the notice period in this action, arguing that the court erred in ordering that the notice should be

directed to employees who worked for defendants during the three years preceding the issuance

of my April 17, 2013 order granting plaintiff's motion. (Pl.'s Memorandum in Support of

Motion for Reconsideration of Collective Action, dated May 2, 2013.) Plaintiff argues that he is

entitled to equitable tolling of the statute of limitations for putative opt-in plaintiffs from

September 24, 2012 until April 17, 2013, as a result of the "delay caused by the time required for

[the court] to rule on [plaintiff's] motion." (Id. at 3.) Plaintiff asserts that he "diligently pursued

his claims and, through no fault of his own, has been frustrated in his attempts to send notice any

sooner to potential . . . opt-in plaintiffs." (Id. at 4.)

## STANDARD OF REVIEW

"Motions for reconsideration are governed by Local Civil Rule 6.3 and are

entrusted to the discretion of the court." Williams v. Possessions Court, No. 12 CV 2956, 2012

WL 2861590, at *1 (E.D.N.Y. July 11, 2012) (citation omitted). A court generally will not grant

a motion for reconsideration "unless the moving party can point to controlling decisions or data

that the court overlooked – matters, in other words, that might reasonably be expected to alter

the conclusion reached by the court" in the challenged decision. Shrader v. CSX Transp., Inc.,

70 F.3d 255, 257 (2d Cir. 1995) (citing Schonberger v. Serchuk, 742 F. Supp. 108, 119

(S.D.N.Y. 1990); Adams v. United States, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)).

## DISCUSSION

In a motion to reconsider, a party may not "reargue those issues already

considered when a party does not like the way the original motion was resolved." In re

Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "A motion to reconsider should not

be granted where the moving party seeks solely to relitigate an issue already decided." <u>Ofori v.</u>

<u>Cent. Parking Sys. of N.Y., Inc.</u>, No. 06 CV 0128, 2010 WL 335498, at *1 (E.D.N.Y. Jan. 22,

2010) (quoting <u>Shrader</u>, 70 F.3d at 257). Plaintiff fails to meet this strict standard.

As an initial matter, the issue of the length of the FLSA notice period already

was considered by the court. Plaintiff raised this issue both in his motion for conditional

certification, in which he requested that the court authorize notice to potential opt-in plaintiffs

employed by defendants in the three years prior to the date of the filing of the complaint (Pl.'s

Mem. at 13) and in his reply memorandum, in which he requested that the FLSA statute of

limitations be equitably tolled "until such time that [plaintiff's counsel] are able to send notice to

potential opt-in plaintiffs." (Reply Memorandum of Law in Support of Pl.'s Motion for

Preliminary Certification, dated Oct. 12, 2012, at 5.) Plaintiff's argument disregards the clear

language of the Order, in which I noted plaintiff's request for a lengthier notice period, but

determined that the notice period should be measured by the date of the court's order granting

the motion for conditional certification. (Memorandum and Order, dated Apr. 29, 2013, at 5

(citing <u>Hernandez v. Immortal Rise, Inc.</u>, No. 11 CV 4360, 2012 WL 4369746, at *5-6

(E.D.N.Y. Sept. 24, 2012)).) In any event, were the court to consider the merits of plaintiff's

request, plaintiff's motion would still be denied for the reasons given below.

In an FLSA collective action, the statute of limitations for each opt-in plaintiff

runs from when he or she files written consent with the court electing to join the lawsuit, not

when the named plaintiff files the complaint, <u>see</u> 29 U.S.C. § 256(b); however, courts have

discretion to equitably toll the limitations period in appropriate cases in order to "avoid

inequitable circumstances." <u>Yahraes v. Rest. Assocs. Events Corp.</u>, No. 10 CV 935, 2011 WL

844963, at *1 (E.D.N.Y. Mar. 8, 2011) (internal citation and quotation marks omitted).

Equitable tolling is appropriate in "rare and exceptional circumstances" where a party has been "prevented in some extraordinary way from exercising his rights." Arena v. Plandome Taxi Inc., 12 CV 1078, 2013 WL 1748451, at *1 (E.D.N.Y. Apr. 23, 2013) (quoting Zerilli–Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003)) (internal quotation marks omitted).

No such inequitable circumstances are present in this case. As noted above, the declaration that plaintiff submitted in support of his motion for conditional class certification was wholly inadequate to support the certification of a class of similarly situated opt-in plaintiffs. Until plaintiff, at this court's direction, submitted a supplemental affidavit correcting these deficiencies (at which point defendants consented to conditional class certification and I promptly granted the motion), he had not properly alleged a collective action claim under the FLSA. Accordingly, any harm to plaintiff's collective action claim caused by the lapse in time between the filing of his initial affidavit and his supplemental affidavit is de minimis. Equitable tolling is not warranted in this case and I decline to modify my previously-issued Order.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration of my April 29, 2013 order is denied.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
May 13, 2013